IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| COTTMAN TRANSMISSION<br>SYSTEMS, LLC,<br>   a Delaware limited liability company, | : : : | |
| | : | |
| ROSS ADVERTISING, INC.,<br>   a Pennsylvania corporation | : : | |
| | : | |
| and | : | |
| | : | |
| TODD P. LEFF,<br>   an individual citizen of Pennsylvania, | : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No.:_____ |
| | : | |
| DALE KERSHNER, an individual,<br>KSI ENTERPRISES, INC., a Utah corporation, | : : : | JURY TRIAL<br>NOT DEMANDED |
| BERNARD GRAY, an individual,<br>GRAYCATS LLC, a Tennessee limited liability<br>   company, | : : : | |
| | : | |
| JOHN HUNTER, an individual,<br>HUNTER DEVELOPMENT<br>GROUP, INC., a Massachusetts corporation, | : : : | |
| | : | |
| TERRY KENNEDY,  an individual,<br>TERRELYN LLC, a Massachusetts limited liability<br>   company, | : : : | |
| | : | |
| FRANK TAMBURELLO, an individual,<br>FRAGIN, INC., an Ohio corporation | : : | |
| | : | |
| MARK VANDIVIER, an individual,<br>MKV SERVICES, INC., a North Carolina corporation, | : : : | |
| | : | |
| SCOTT DREGNE, an individual,<br>TRANS-ACTION GLENDALE, INC., an Arizona<br>   corporation, | : : : : | |
| | : | |
| MARK LAWTON, an individual,<br>KATZ-LAWTON, INC., a Virginia corporation, | : : | |

PRAVIN PATEL, an individual,                                              :
NARAN, INC., a North Carolina corporation,                    :
                                                                                      :
DAN HARRINGTON, an individual,                                  :
RD&M, INC., an Iowa corporation                                    :
                                                                                      :
GERALD GILKERSON, an individual,                              :
JLN, INC., a West Virginia corporation,                            :
                                                                                      :
JOHN MULLEN, an individual,                                        :
KJV ENTERPRISES, INC., an Ohio corporation,            :
                                                                                      :
WILLIAM KAGAWA, an individual                                :
4 KAGS CORPORATION, an Arizona corporation,        :
                                                                                      :
TERRY STOOPS, an individual,                                       :
SHAW TRANS CORPORATION, a Missouri               :
        corporation,                                                               :
                                                                                      :
JOHN STURTEVANT, an individual,                              :
STURTEVANT GROUP, INC., a New York              :
        corporation,                                                               :
                                                                                      :
AUSTIN BOMBARO, an individual,                                :
FIRST QUALITY, INC., a New Jersey corporation,      :
                                                                                      :
                        Defendants.                                             :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Cottman Transmission Systems, LLC, Ross Advertising, Inc. and Todd P. Leff

(sometimes collectively referred to as "Cottman") for their Complaint for Declaratory Judgment

against Defendants, respectfully states as follows:

## INTRODUCTION

1.      This complaint is filed by Cottman pursuant to the Declaratory Judgment Act, 28

U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

2.      Cottman seeks a declaratory judgment with respect to the parties' rights and

obligations under license agreements between Cottman Transmission Systems, LLC and each

Defendant (the "License Agreements").  On June 30, 2005, Defendants, in conjunction with other

2

current and former Cottman franchisees, filed a complaint in federal court in Minnesota against

Cottman, Cottman's in-house advertising company, Ross Advertising, Inc., ("Ross") and Cottman's

Chief Executive Officer, Todd P. Leff, captioned *S&G Janitschke, Inc., et al. v. Cottman Transmission Systems, LLC et al.*, U.S.D.C., D. Minn. - Civil Action No. 05-cv-1294 (the "Minnesota Action").

In the Minnesota Action, Defendants claimed that Cottman and Ross breached the terms of their

License Agreements and breached certain state statutes in their performance of their obligations to

Defendants and that Mr. Leff is liable for Cottman's conduct.

    3.    In the Minnesota Action, Defendants sought relief against Cottman, Ross and Mr.

Leff in an amount in excess of $75,000 for rescission damages and requested that the Court declare

the License Agreements void and unenforceable.

    4.    Defendants subsequently dismissed the Minnesota Action without prejudice and the

parties executed a standstill agreement.

    5.    By letter dated November 11, 2005, Defendants' counsel advised Cottman that

Defendants intended to terminate the standstill agreement in thirty days.  This letter put Cottman

on notice that Defendants intend to reinstate the Minnesota Action.  As evidenced by Defendants'

stated intention to reinstate the Minnesota Action, or a similar action or actions, an actual, present

and substantial controversy exists between and among each Plaintiff and each Defendant regarding

the parties' rights and obligations under the License Agreements.

    6.    All defendants in this action continue to operate Cottman franchises under and

related to their License Agreements.

    7.    To achieve uniformity regarding its rights and obligations to Defendants, Cottman

seeks a declaratory judgment that:

        a.    Cottman has not breached any obligations to Defendants, existing and active

            franchisees in the Cottman franchise system.

  b. Pennsylvania law governs the License Agreements and Defendants cannot assert non-Pennsylvania state law claims against Cottman.[1]

  c. Defendants cannot maintain actions in contract or tort against Cottman.

  d. License Agreements' selection of Pennsylvania as the stipulated forum for any action between the parties is enforceable and Defendants are prohibited from bringing or continuing an action against Plaintiff outside of Pennsylvania.[2]

8. To the extent that Defendants claim that any state dealership statute, unfair trade practices act, consumer protection law, franchise relationship law or common law doctrine governs the parties' relationship, Cottman seeks a declaratory judgment that to the extent such a declaration would not contravene the fundamental public policy of any state, any such state law would be preempted by the parties' contractual choice of law.

9. The declaratory judgment sought by Cottman serves the purpose of the Declaratory Judgment Act by avoiding a multiplicity of actions and providing an adequate, expedient and inexpensive means for declaring in one action the rights and obligations of these litigants and clarifying the contractual relations of the parties.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court also has jurisdiction over Cottman's request for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  Cottman has a reasonable

---

[1] Iowa Code § 537A-10, et. seq. may affect Cottman's License Agreement with Defendant Dan Harrington and his corporation.  Additionally, Cottman's License Agreement with Defendant John Sturtevant and his corporation incorporates provisions of New York Gen. Bus. Law §§ 680 through 695.

[2] Personal jurisdiction over Defendants Dan Harrington and RD&M, Inc. is based on their contacts with Pennsylvania; Cottman is not relying on the License Agreement's forum selection clause with respect to these Defendants.

4

apprehension of being sued by Defendants based on the Minnesota Action and the termination of the standstill agreement.

12.   Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to this action occurred in this district.

13.   Jurisdiction and venue are also proper in this judicial district as to all Defendants except Dan Harrington and RD&M, Inc. pursuant to the mandatory forum selection clause contained in each License Agreement.

## FACTUAL HISTORY

14.   Plaintiff Cottman Transmissions, LLC is a Delaware limited liability company and is duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 201 Gibraltar Road, Suite 150, Horsham, Pennsylvania 19044.

15.   Since 1962, Cottman Transmission Systems, LLC or its predecessor has licensed independent franchisees to own and operate transmission repair centers using Cottman Transmission Systems, LLC's system of repairing, remanufacturing and servicing automotive transmissions and related component parts and Cottman Transmission Systems, LLC's federally registered trademarks.

16.   Cottman Transmission Systems, LLC owns the mark and related logo "Cottman," which is registered with the United States Patent and Trademark Office – No. 817999.  Cottman Transmission Systems, LLC's trademarks distinguish its franchises from similar businesses and, because of their continuous use and advertisement throughout the United States, are widely known and recognized by consumers.

17.   Cottman Transmission Systems, LLC franchisees are licensed to use Cottman Transmission Systems, LLC's trademarks and to operate under the Cottman business system, using

equipment, accessories, products, standards, specifications, proprietary marks and information
provided or approved by Cottman Transmission Systems, LLC.  The relationship between Cottman
Transmission Systems, LLC and its franchisees is governed by the terms and conditions of the
license agreement entered into between Cottman Transmission Systems, LLC and each franchisee.
Cottman Transmission Systems, LLC enters into substantially similar license agreements with each
of its franchisees.

18.    Ross is a Pennsylvania corporation and the approved in-house advertising agency for
Cottman Transmissions Systems, LLC.

19.    Mr. Leff is a resident and citizen of Pennsylvania and President of Cottman
Transmissions Systems, LLC.

20.    In its offer and sale of the franchises to each Defendant, Cottman complied in all
material respects with all applicable federal and state laws and regulations regarding the sale of
franchises.

21.    In complying with its legal obligations regarding the offer and sale of franchises,
Cottman provided to each Defendant its Uniform Franchise Offering Circular ("UFOC") at the
time and in the manner required by any applicable federal or state statute.

22.    The Cottman UFOC was prepared in the manner and contained all information
required by any applicable federal or state statute.

23.    The Cottman UFOC provided to each Defendant included, at Item 19, an
"Earnings Claim" identifying historical information regarding gross sales and cost information
submitted to Cottman by relevant existing franchisees.  The information included in this Earnings
Claim was prepared in compliance with all applicable federal or state requirements regarding UFOC
Earnings Claims and accurately represents the historical information submitted to Cottman.

6

24.   Cottman complied with all of its pre-sale disclosure obligations to each Defendant, and made no misrepresentations of any kind to any Defendant.

25.   Defendants are Cottman franchisees that operate one or more Cottman Transmission Centers pursuant to existing License Agreements and have accepted substantial benefits under those Agreements.  Twelve of the sixteen franchisee Defendants have operated their Centers for periods ranging from three years to twenty two years.

26.   Cottman entered into similar License Agreements with each of the Defendants. These franchisees include the following:

| Franchisee Name | Cottman Locations | State of Incorporation |
|---|---|---|
| Dale Kershner<br>KSI Enterprises, Inc. | Utah | Idaho |
| Bernard Gray<br>Graycats LLC | Tennessee | Tennessee |
| John Hunter<br>Hunter Development Group, Inc. | Massachusetts | Massachusetts |
| Terry Kennedy<br>Terrelyn LLC | Massachusetts | Massachusetts |
| Frank Tamburello<br>Fragin, Inc. | Ohio | Ohio |
| Mark Vandivier<br>MKV Services, Inc. | North Carolina | North Carolina |
| Scott Dregne<br>Trans-Action Glendale, Inc. | Arizona | Arizona |
| Mark Lawton<br>Katz-Lawton, Inc. | Virginia | Virginia |
| Pravin Patel<br>Naran, Inc. | North Carolina | North Carolina |
| Dan Harrington<br>RD&M, Inc. | Iowa | Iowa |

| | | |
|---|---|---|
| Gerald Gilkerson<br>JLN, Inc. | West Virginia | West Virginia |
| John Mullen<br>KJV Enterprises, Inc. | Ohio | Ohio |
| William Kagawa<br>4 Kags Corporation | Arizona | Arizona |
| Terry Stoops<br>Shaw Trans Corporation | Missouri | Missouri |
| John Sturtevant<br>Sturtevant Group, Inc. | New York | New York |
| Austin Bombaro<br>First Quality, Inc. | New Jersey | New Jersey |

## FACTS COMMON TO ALL COUNTS

### The Minnesota Action

27.  In the Minnesota Action, Defendants and other current and former Cottman franchisees alleged that Cottman made certain pre-sale fraudulent and negligent misrepresentations to Defendants, entitling Defendants to rescission by, among other things:

- Providing inaccurate and misleading information in the Cottman UFOC Earnings Claim;

- Providing misleading information regarding the average profits of Cottman System franchisees;

- Providing misleading information regarding when Cottman System stores would "break even."

28.  In the Minnesota Action, Defendants and other current and former Cottman franchisees also alleged that Cottman breached the License Agreements, entitling Defendants to rescission, by among other things,:

8

- Failing to provide an "intensive owner's program" to franchisees, and failing to provide one week of on-site training to new franchisees;

- Failing to provide effective assistance to franchisees in locating and evaluating skilled Transmission Rebuilders for franchisees to employ;

- Failing to provide appropriate and effective advertising for the franchisees' regional and local markets;

- Failing to properly credit certain accounts for warranty work that franchisees performed;

- Coercing certain franchisees to sign "Management Agreements" with individuals that Cottman knew were unable to successfully operate a Cottman System store or to complete a purchase of the franchise;

- Unreasonably withholding its consent to sales of certain Cottman stores unless and until the franchisees signed a release and agreed to settle claims for disputes over audits conducted based upon the results of audits that Cottman conducted that purported to show underreporting of sales by the franchisee; and

- Failing to use best efforts to market certain Cottman System franchises under exclusive listing agreements.

29.   Defendants also claimed that Cottman breached fiduciary duties owed to Defendants.

30.   Defendants also asserted a variety of state law claims against Cottman, claiming that Cottman violated statutory protections afforded individual franchisees by their home state laws.

9

## The License Agreements

31.   Each License Agreement contains a choice of law clause providing that Pennsylvania law governs the terms of the License Agreement and any dispute arising out of or connected in any way to the License Agreement or the franchise.

32.   Each License Agreement contains a forum selection clause requiring that any dispute arising out of or connected in any way to the License Agreement or franchise shall be brought only in this Court or in state court in Montgomery County, Pennsylvania.[3]

33.   Each License Agreement provides that franchisees shall pay all costs and expenses incurred by Cottman in enforcing the provisions of the License Agreement, including legal expenses.

34.   Each License Agreement contains an integration clause providing that the License Agreement constitutes the entire agreement between the parties, and that there are no representations or warranties, either oral or written, except those contained in the License Agreement.

---

[3] In substance, each License Agreement provides:

This Agreement and all related agreements have been entered into in the Commonwealth of Pennsylvania and any matter whatsoever which arises out of or is connected in any way with the Agreement or the franchise shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

With respect to any legal proceedings arising out of or connected in any way to this Agreement or the franchise, OPERATOR and COTTMAN consent to the jurisdiction and venue of any court of general jurisdiction of Montgomery County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania, and any legal proceedings arising out of this Agreement shall be brought only in such courts and the parties further agree that the mailing (by certified mail, return receipt requested) to such party's last known address of any process shall constitute lawful and valid process.

In the event OPERATOR institutes legal proceedings in any court other than those specified, he shall assume all of COTTMAN's costs in connection therewith, including but not limited to, reasonable counsel fees.

## COUNT I

### Declaratory Judgment

35.   Paragraphs 1 through 34 are incorporated by reference as though fully set forth.

36.   Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation and operation of the License Agreements and the franchises.

37.   A dispute exists between Cottman and Defendants as to whether Cottman properly entered into its License Agreements with Defendants, whether Cottman fulfilled its obligations thereunder, and whether Cottman breached any fiduciary duty to Defendants.

38.   Cottman complied with all of its obligations to each Defendant under all applicable federal and state statutes and regulations regarding the offer and sale of franchises.

39.   The Earnings Claim contained at Item 19 of the Cottman UFOC provided to each Defendant was prepared in accordance with all applicable federal and state statutes and regulations and accurately represents the information submitted by existing Cottman franchisees to Cottman.

40.   Cottman made no pre-sale misrepresentations, either fraudulent or negligent, to any Defendant.

41.   Any Defendants' claims related to alleged representations made before the signing of any License Agreement are barred by the integration clause contained in each License Agreement.

42.   Any cause of action for pre-sale fraud or misrepresentation against Cottman by any Defendant accrued before the applicable Defendant signed its License Agreement and is, therefore, barred by all applicable statutes of limitation.

43.   Cottman has performed all of its obligations under the License Agreements and has not negligently or willfully caused any damage to Defendants.

44.   Cottman owes no fiduciary duty to Defendants, and even if it did, Cottman has not breached any fiduciary duty to Defendants.

45.   Except as set forth above, the License Agreements' choice of Pennsylvania law bars Defendants from asserting claims under other states' statutory or common law and its selection of Pennsylvania as the proper forum for litigation arising out of or connected to the License Agreements bars Defendants from bringing actions in any forum except Pennsylvania.

**WHEREFORE**, Plaintiff Cottman Transmission Systems, LLC demands a judgment in its favor and a declaration that:

- Cottman complied with its disclosure and pre-sale obligations to each Defendant under all applicable federal or state statutes and regulations;

- The Earnings Claim contained at Item 19 of the Cottman UFOC was prepared in accordance with all applicable federal and state statutes and regulations and accurately represents the information submitted by existing Cottman franchisees to Cottman;

- Cottman made no pre-sale misrepresentations of any kind, fraudulent or negligent, to any Defendant;

- Any of Defendants' claims related to alleged misrepresentations made before the signing of any License Agreement are barred by the integration clause contained in each License Agreement;

- Any cause of action by any Defendant for pre-sale fraud or misrepresentation against Cottman by any Defendant are barred by all applicable statutes of limitation;

- The License Agreements are valid and were properly entered into with each Defendant by Cottman;

- Cottman has fulfilled all of its obligations to each Defendant under the License Agreements;

12

- Cottman did not negligently or willfully cause damage to Defendants;

- Cottman owes no fiduciary duty to Defendants, and even if it did, Cottman has not breached any fiduciary duty to Defendants;

- The License Agreements' choice of Pennsylvania law bars Defendants (except for the Harrington and Sturtevant Defendants) from asserting claims under other states' statutory or common law and its selection of Pennsylvania as the proper forum for litigation arising out of or connected to the License Agreements bars Defendants from bringing actions in any forum except Pennsylvania;

- Cottman is entitled to its attorney's fees and costs of this action.

WIGGIN AND DANA LLP

Dated: December 12, 2005

By:_____
Joseph Schumacher
Joshua S. Ganz
Quaker Park
1001 Hector Street, Suite 240
Conshohocken, PA 19428
610.834.2400

Attorneys for Plaintiffs
*Cottman Transmission Systems, LLC,*
*Ross Advertising, Inc. and Todd P. Leff*

13