William J. Brennan
Attorney I.D. 23373
630 Freedom Business Center, Suite 212
King of Prussia, PA 19406
610-265-0800                                    Attorney for Defendants

# IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC, ROSS ADVERTISING, INC., and TODD P. LEFF<br><br>Plaintiffs,<br><br>v.<br><br>DALE KERSHNER, KSI ENTERPRISES, INC., BERNARD GRAY, GRAYCATS LLC, JOHN HUNTER, HUNTER DEVELOPMENT GROUP, INC., TERRY KENNEDY, TERRELYN LLC, FRANK TAMBURELLO, FRAGIN, INC., MARK VANDIVIER, MKV SERVICES, INC., SCOTT DREGNE, TRANS-ACTION GLENDALE, INC., MARK LAWTON, KATZ-LAWTON, INC., PRAVIN PATEL, NARAN, INC., DAN HARRINGTON, RD&M, INC., GERALD GILKERSON, JLN, INC., JOHN MULLEN, KJV ENTERPRISES, INC., WILLIAM KAGAW, 4 KAGS CORPORATION, TERRY STOOPS, SHAW TRANS CORPORATION, JOHN STURTEVANT, STURTEVANT GROUP, INC., AUSTIN BOMBARO, FIRST QUALITY, INC.<br><br>Defendants. | Case No.  05-6369<br><br>JURY TRIAL DEMANDED |

## ANSWER

The above-named Defendants (hereinafter "Defendants"), for their answer to Plaintiff Cottman Transmission Systems, LLC ("Cottman"), Ross Advertising, Inc. and Todd P. Leff's (collectively, "Plaintiffs") complaint, states and alleges as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, and therefore deny the same.

2.      Defendants admit the allegations contained in paragraph 2 of the complaint.

3.      With respect to the allegations contained in paragraph 3 of the complaint, Defendants state that each Defendant sought relief in an amount in excess of $75,000 in the Minnesota Action for rescission, restitution damages and actual damages. Certain other defendants in the Minnesota Action also requested other forms of relief.

4.      Defendants admit the allegations contained in paragraph 4 of the complaint.

5.      With respect to the allegations contained in paragraph 5 of the complaint, Defendants admit that Defendants' counsel advised Plaintiffs' counsel by letter of November 11, 2005 that Plaintiffs intended to terminate the standstill agreement. Defendants deny the remaining allegations contained in paragraph 5 of the complaint.

6.      With respect to the allegations contained in paragraph 6 of the complaint, Defendants admit that they continue to operate Cottman franchises.  Defendants deny the remaining allegations contained in paragraph 6 of the complaint.

7.      With respect to the allegations contained in paragraphs 7 and 8 of the complaint, Defendants state that these paragraphs contain allegations that do not require a response.  To the extent an answering statement is required, Defendants deny the allegations of the paragraph.

8.      Defendants deny the allegations contained in paragraph 9 of the complaint.

9.      Defendants deny the allegations contained in paragraphs 10 - 13 of the complaint, and put the Plaintiffs to the strictest proof thereof.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 - 16 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

11.    With respect to the allegations contained in paragraph 17 of the complaint, Defendants admit that the relationship between Plaintiff Cottman and Defendants is that of a franchise, and state that Defendants' written contracts with Cottman speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

12.    With respect to the allegations contained in paragraph 18 of the complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

14.    Defendants deny the allegations contained in paragraph 20 of the complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

16.    Defendants deny the allegations contained in paragraph 22 of the complaint.

17.     With respect to the allegations contained in paragraph 23 of the complaint, Defendants deny that any "Earnings Claims" delivered to Defendants were in compliance with all applicable federal and state requirements.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

18.     Defendants deny the allegations contained in paragraph 24 of the complaint.

19.     With respect to the allegations contained in paragraph 25 of the complaint, Defendants admit that Defendants are Cottman franchisees, and that certain of the Defendants have operated their Cottman franchised Centers for periods ranging from three years to twenty two years.  Defendants further state that Defendants' written contracts with Cottman speak for themselves.   Defendants deny the remaining allegations contained in contained in paragraph 25 of the complaint.

20.     With respect to the allegations contained in paragraph 26 of the complaint, Defendants state that Defendants' written contracts with Cottman speak for themselves.

21.      Defendants admit the allegations contained in paragraphs 27 - 30 of the complaint.

22.     With respect to the allegations contained in paragraphs 31 - 34 of the complaint, Defendants state that Defendants' written contracts with Cottman speak for themselves.

23.     With respect to the allegations contained in paragraph 35 of the complaint, Defendants state that this paragraph contains allegations that do not require a response.

24.     Defendants deny the allegations contained in paragraph 36 of the complaint.

25.     Defendants admit the allegations contained in paragraph 37 of the complaint.

26.     Defendants deny the allegations contained in paragraph 38 of the complaint.

27.     With respect to the allegations contained in paragraph 39 of the complaint, Defendants deny that any "Earnings Claims" delivered to Defendants were in compliance with all applicable federal and state requirements.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the complaint, and therefore deny the same, and put the Plaintiffs to the strictest proof thereof.

28.     Defendants deny the allegations contained in paragraphs 40 - 44 of the complaint.

29.     Defendants deny the allegations contained in paragraph 45 of the complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claim fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claim is barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

3.      Plaintiffs' claim is barred by the doctrines of fraud in the inducement.

4.      Plaintiffs' claim is barred by the applicable statute of limitations.

5.      Any harm suffered by Plaintiffs is due, in part or in whole, to Plaintiffs' own actions.

6.      Any harm suffered by Plaintiffs is due, in part or in whole, to Plaintiffs' prior material breach of the parties' agreements.

7.      Defendants expressly reserve the right to assert additional defenses if, and to the extent that, such affirmative defenses become applicable.


WHEREFORE, Defendants respectfully request that:

A.  Plaintiffs' claim be dismissed in its entirety;

B.  Defendants be awarded their costs and attorneys' fees; and

C.  Defendants be granted such other and further relief as the Court may deem just and equitable.

6

Dated: January 17, 2006          BUTERARA, BEAUSANG, COHEN & BRENNAN


By:_____\S_____
William J. Brennan
Attorney I.D. 23373
630 Freedom Business Center, Suite 212
King of Prussia, PA 19406
610-265-0800
Attorney for Defendants

- and –

DADY & GARNER, P.A.

J. Michael Dady, Esq. (2062X)
Ronald K. Gardner, Esq. (246797)
William S. Fulton, Jr., Esq. (032842X)
4000 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 359-9000

**ATTORNEYS FOR DEFENDANT**