IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC ET AL. | : : : : | CIVIL ACTION NO. 05-6369 |
| v. | : : | |
| DALE KERSHNER ET AL. | : : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                        February 11, 2008

       In 2005, numerous former and current franchisees (the "Franchisees") of Cottman Transmission Systems, LLC filed suit against Cottman and its in-house advertising agency, Ross Advertising, Inc., (collectively, "Cottman"), in the District of Minnesota. The initial lawsuit spawned a number of actions elsewhere in the country, all of which have been consolidated before this Court. Now before the Court is Cottman's motion to dismiss the Second Amended Complaint (doc. no. 76) (the "Complaint"). For the reasons that follow, the motion to dismiss Counts 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 36 and 37 will be granted. The motion to dismiss Counts 3, 27 and 38 will be denied.[1]

---

[1] The Court reserves decision on the motion to dismiss the remaining counts until after a hearing with the parties.

I.   BACKGROUND

   A.   Facts

   The Cottman franchise system is a chain of stores that perform repairs to automobile transmissions.  Cottman's corporate headquarters are in Pennsylvania, but it sells franchises across the country.  The franchise agreement requires a prospective franchisee to travel to Cottman's headquarters to attend its three-week training class prior to opening a new Cottman franchise.  At the end of a successful training class, the franchise agreement is negotiated and executed by the parties in Pennsylvania.  Regardless of the location of a particular franchise store, payments made by the franchisee under the License Agreement are sent to Cottman at its home office in Pennsylvania.  The franchise agreement provides that Pennsylvania law will govern all disputes arising from the agreement.

   B.   Complaint

   The essence of the Franchisees' case is that Cottman misrepresented its franchise system in order to induce the Franchisees to enter into franchise agreements with Cottman.  For example, the Franchisees claim that Cottman overstated the average profits of a franchisee.  They also claim that Cottman promised support services to franchisees that were never delivered.  Once a Franchisee signed a franchise agreement,

Cottman allegedly required expensive investments and fees.  These expenses, combined with Cottman's failure to provide the promised support, rendered it nearly impossible to operate a Cottman franchise sucessfully.

Moreover, the Franchisees allege that Cottman's actions were part of a strategy to maximize profits by "churning" franchise stores at the expense of the Franchisees.  As a Franchisee faced lower-than-projected revenue, mounting expenses and little support from Cottman, Cottman coerced the Franchisee into selling the store and its equipment back to Cottman at a significantly discounted rate.  Then, Cottman resold the same store and equipment to a new buyer at a profit.  This buyer too fell victim to the scheme; Cottman re-bought, then re-sold the store, generating further profit, and so on.

II.  MOTION TO DISMISS

Cottman asks the Court to dismiss the complaint, asserting a variety of reasons why the Franchisees cannot pursue their claims.  Several of Cottman's arguments were previously addressed by this Court in considering the Franchisees' motion to amend their complaint.  See Cottman Transmission Sys., LLC v. Kershner, 492 F. Supp. 2d 461 (E.D. Pa. 2007).  Claims governed by the Court's previous decision are disposed of here.  The motion to dismiss the remaining claims will be decided following

a hearing and oral argument from the parties.

    A.   <u>Out-of-state Consumer Protection Law Claims</u>

This Court has already held that the choice-of-law agreement in the franchise agreement bars claims under the Arizona, Delaware, Florida, Massachusetts, Nevada, New Hampshire, North Carolina, Ohio, Oklahoma, Texas, Utah and New Jersey consumer protection laws.[2]  The Court applied Pennsylvania choice-of-law rules and determined, first, that Pennsylvania has a substantial relationship to the parties and the transaction in this case.  Second, application of the parties' choice-of-law provision would not contravene a fundamental public policy of a state with a materially greater interest than Pennsylvania in the determination of this case.

Under the "law of the case" doctrine, this Court will

---

[2] The statutes in question include: the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521 et seq.; the Delaware Consumer Fraud Act, 6 Del. Code Ann. §§ 2513 et seq.; the Florida Deceptive and Unfair Trade Practices Act, Fla. St. Ann. §§ 501.201 et seq.; the Regulation of Business Practices for Consumer Protection (Massachusetts), Mass. Gen. Laws Ch. 93A, §§ 1 et seq.; the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0915 et seq.; the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 et seq.; the North Carolina Consumer Protection Act, N.C. Gen. Stat. §§ 75-1 et seq.; the Ohio Unfair Deceptive and Unconscionable Acts or Practices Act, Ohio Rev. Code Ann. §§ 1345-01 et seq.; the Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751 et seq.; the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.41 et seq.; the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 et seq.; and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 et seq.

refrain from revisiting issues decided earlier in the case in the absence of extraordinary circumstances.  See Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1992).  The Third Circuit has recognized several situations that constitute extraordinary circumstances, including "situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice."  Id. at 117.

In opposing the motion to dismiss, the Franchisees argue that the state law claims addressed in the Court's previous decision are not barred by the choice-of-law provision.  The Franchisees do not address this Court's prior opinion to the contrary and they do not even attempt to argue that extraordinary circumstances are present that would justify this Court's reevaluation of its prior decision.[3]  Absent a showing of extraordinary circumstances, this Court relies on its prior opinion and concludes that the following counts are precluded by the choice-of-law provision: Counts 1 and 2 (Arizona law), 6 and 7 (Delaware law), 9 and 10 (Florida law), 11 and 12

---

[3] This failure to acknowledge the Court's prior opinion or address the law of the case doctrine is particularly egregious given that, in the very next section of their brief, the Franchisees rely on the law of the case doctrine and the prior opinion's conclusion  regarding their claims under New York, Wisconsin and California law.

(Massachusetts law), 13 and 14 (Nevada law), 15 and 16 (New Hampshire law), 17 and 18 (North Carolina law), 19 and 20 (Ohio law), 21 and 22 (Oklahoma law), 23 and 24 (Texas law), 25 and 26 (Utah law) and 36 and 37 (New Jersey law).  Therefore, these counts will be dismissed.

    B.    <u>Out-of-State Franchise Law Claims</u>

Counts 3, 27 and 38 assert claims under the franchise laws of California, Wisconsin and New York, respectively.[4]  Cottman argues that these claims must be dismissed because, like the other non-Pennsylvania claims, they are barred by the choice-of-law provision in the franchise agreement.

In its opposition to the motion to amend, Cottman similarly argued that claims under the California, New York and Wisconsin franchise statutes are barred by the parties' choice-of-law agreement.  The Court rejected this argument, concluding that "application of the choice-of-law provision would be contrary to the policies of California, Wisconsin and New York, which have a materially greater interest than Pennsylvania in the determination of the issue of whether Cottman engaged in fraud and deception in franchise sales to residents of those states."

---

[4]  The statutes at issue are: the California Franchise Investment Law, Cal. Corp. Code § 31000; the New York Franchise Sales Act, N.Y. Gen. Bus. § 680; and the Wisconsin Franchise Investment Law, Wis. Stat. § 553.01.

Cottman, 492 F. Supp. at 469. Cottman has offered no reason for the Court to reconsider this conclusion nor has it offered any other reason for the claims to be dismissed.[5] Therefore, the motion to dismiss Counts 3, 27 and 38 will be denied.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 36 and 37 will be granted. The motion to dismiss Counts 3, 27 and 38 will be denied. An appropriate order follows.

---

[5] In the motion to dismiss, Cottman acknowledges the Court's previous holding that the California, Wisconsin and New York franchise claims are not barred by the choice-of-law provision. However, Cottman does not address the law-of-the-case doctrine or attempt to argue that extraordinary circumstances meriting reconsideration of the previous decision are present here. Instead, Cottman points only to Cottman Transmission Systems, Inc. v. Melody, 869 F. Supp. 1180 (E.D. Pa. 1994), which was explicitly considered and distinguished in the Court's prior decision. Cottman v. Kershner, 492 F. Supp. 2d at 470.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

    COTTMAN TRANSMISSION      :    CIVIL ACTION
    SYSTEMS, LLC ET AL.       :    NO. 05-6369
                              :
                              :
    v.                        :
                              :
    DALE KERSHNER ET AL.      :
                              :
```

## ORDER

**AND NOW**, this **11th day of February 2008**, it is hereby **ORDERED** that the motion to dismiss (doc. no. 80) is **GRANTED** as to Counts 1, 2, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 36 and 37.

It is further **ORDERED** that the motion to dismiss is **DENIED** as to Counts 3, 27 and 38.  As to the remaining counts, the motion is taken under advisement.

It is further **ORDERED** that there will be a hearing on the motion to dismiss the remaining counts on **Friday, February 22, 2008** at **9:30 a.m.** in Courtroom 11A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**AND IT IS SO ORDERED.**

                                S/Eduardo C. Robreno
                                **EDUARDO C. ROBRENO, J.**